UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
LEXICO ENTERPRISES, INC.,

                        Plaintiff,

                                                        **MEMORANDUM OF**
            -against-                                    **DECISION AND ORDER**
                                                        09-cv-1712 (ADS)(ETB)

CUMBERLAND FARMS, INC.,

                        Defendants.
---------------------------------------------------------X
**APPEARANCES:**

**Kenneth Geller, Esq.**
*Attorney for the plaintiff*
372 Doughty Boulevard
Inwood, NY  11096

**Shipman & Goodwin LLP**
*Attorneys for the defendant*
One Constitution Plaza
Hartford, CT  06103
        By:  Paul D. Sanson, Esq.
             Laurie A. Sullivan, Esq., Of Counsel

**SPATT, District Judge.**

        This case arises out of a business dispute between plaintiff Lexico

Enterprises, Inc. ("Lexico") and defendant Cumberland Farms, Inc.

("Cumberland").  Cumberland now moves to dismiss the present action on the

ground that it is duplicative of an action pending before United States District Judge

Leonard D. Wexler in the Eastern District of New York.  For the reasons set forth

below, the Court dismisses the present action without prejudice.

## I. BACKGROUND

Plaintiff Lexico operates gas stations. On August 1, 2006, defendant Cumberland leased to Lexico an Exxon-branded gas station and convenience store located at 2030 Sunrise Highway, Merrick, New York 11566 (the "Merrick Exxon Station"), and the parties entered into a relevant lease agreement (the "Lease"). On that same date, Lexico also contracted to purchase from Cumberland all of the supplies necessary to operate the Merrick Exxon Station (the "Supply Agreement"). Until Lexico terminated these agreements on April 22, 2009, the Lease and the Supply Agreement provided the basis for Lexico's operation of the Merrick Exxon Station.

On March 4, 2008, Lexico contracted to sell its leasehold on the Merrick Exxon Station and its rights under the Supply Agreement to third-party WorldCo Petroleum NY Corp. ("WorldCo"). However, to consummate this transaction, both the Lease and the Supply Agreement required Cumberland to consent to the transfer. The contracts further provided that this consent was not to be unreasonably withheld.

To assess whether to approve the transfer of the contract rights from Lexico to WorldCo, Cumberland allegedly met with a representative of WorldCo on April 22, 2008. Lexico asserts that, on that date, Cumberland provisionally withheld its consent to transfer the contract rights, because it found WorldCo's representative had insufficient training to successfully operate the business. Lexico claims that Cumberland then reversed its decision two days later, and notified Lexico on April 24, 2008 of its intent to approve the transfer to WorldCo. However, on April 25,

2008, WorldCo withdrew its purchase offer, allegedly based on its April 22, 2008 meeting with Cumberland.

On June 3, 2008, Lexico filed a lawsuit against Cumberland in the United States District Court for the Eastern District of New York, asserting claims for breach of contract and tortious interference with contract. This case, No. 08-cv-2221, was assigned to United States District Judge Leonard D. Wexler, and is currently scheduled to be tried before a jury on July 20, 2010 (the "First Action").

On April 22, 2009, Lexico terminated the Lease and the Supply Agreement pursuant to their terms. A week later on April 29, 2009, Lexico then filed a second lawsuit—the present action—against Cumberland. This second action was assigned to this Court. Lexico alleges in this action identical facts to those asserted in the First Action, except that it also alleges that it operated the Merrick Exxon Station without profit from April 22, 2008 to April 22, 2009. Lexico also asserts the same causes of action here as in the First Action, except that it demands a lesser amount in damages. The plaintiff explains in its opposition papers—though not in the complaint—that the present damage claim does not account for the direct value of the lost sale to WorldCo, as this is addressed in the First Action. Rather, it reflects other financial losses sustained "after defendant refused to consent to the sale [to WorldCo] until the franchise relationship between the parties was mutually terminated." (Pl.'s Opp. to Def.'s Mot. to Dis. at 2.)

As an ancillary note, Lexico did request Cumberland's consent to amend its complaint prior to filing the present suit, but Cumberland rejected the request.

3

However, strangely, the plaintiff did not formally request leave to amend its complaint in the First Action.

Cumberland now moves to dismiss the present action based on the prior pending action doctrine. Lexico opposes this motion, and asserts that the present action is distinct from the First Action because it seeks a unique remedy. For the reasons set forth below, the Court dismisses the plaintiff's complaint without prejudice.

## II. DISCUSSION

The general rule among federal district courts is to avoid duplicative litigation. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Thus, when a party files a suit related to a previously-pending suit, the Court applies the "prior pending action doctrine" to determine whether the subsequent action should remain pending, be stayed, or be dismissed. Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000). Like the closely-related doctrines of claim and issue preclusion, the prior pending action doctrine generally prohibits parties from litigating claims or issues more than once. Id. Pursuant to this doctrine, a Court will usually stay or dismiss a subsequent suit that duplicates a claim or claims already pending before another court. See, e.g., First City Nat'l Bank and Trust Co. v. Simmons, 878 F.2d 76, 79–80 (2d Cir. 1989). An exception is made for instances where convenience or special circumstances would give priority to the second suit. Id.

One of the tests to determine whether a suit is duplicative of a prior-filed suit is whether "the same or connected transactions are at issue and the same proof

is needed to support the claims in both suits or, in other words, whether facts essential to the second suit were present in the first suit." Curtis, 226 F.3d at 139 (describing the related doctrine of claim preclusion). However, after filing a complaint, a plaintiff does not have a "continuing obligation to file amendments to the complaint to stay abreast of subsequent events; [the] plaintiff may simply bring a later suit on those later-arising claims." Id.

Here, the causes of action Lexico asserts in this action are identical to those it asserts in the First Action. Similarly, the acts Lexico describes in the present complaint are identical to those alleged in the First Action. As such, the plaintiff may succeed here only if it can prove the facts necessary to succeed on the First Action. The present action is therefore duplicative of the First Action.

In addition, none of the exceptions to the general rule favoring a prior-filed action apply here. The First Action is trial-ready, with jury selection calendared for July 2010. As a jury verdict in that case could dispose of this case entirely, there is no basis in convenience or efficiency to favor the present case. Likewise, the present case is not based on any acts taken by the defendants after the First Action was commenced, and thus does not assert post-filing claims that could be exempt from preclusion. Cf. Legnani v. Alitalia Linee Aeree Italiane, S.p.A., 400 F.3d 139, 141 (2d Cir. 2005) (allowing a plaintiff to bring a new action asserting a retaliation claim against her employer when the alleged retaliation took place after the plaintiff filed her original discrimination claim against employer).

Ultimately, Lexico's present action merely seeks additional damages based on causes of action that are pending before Judge Wexler in the First Action. As

5

such, it is inappropriate for the present action to continue before this Court.

Nevertheless, the claim and issue preclusion effects of the First Action are not

easily predictable, and it is possible that certain outcomes of that case may permit

the re-filing of a complaint such as the present one.  Therefore, the Court dismisses

the present action without prejudice.

### III. CONCLUSION

For the foregoing reasons, it is hereby

     **ORDERED** that the plaintiff's complaint is dismissed in its entirety without

prejudice; and it is further

     **ORDERED** that the Clerk of the Court is directed to close this case.

Dated: Central Islip, New York
February 27, 2010

                          *__/s/ Arthur D. Spatt____*
                          ARTHUR D. SPATT
                        United States District Judge